IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM LLOYDS <br><br> PLAINTIFFS, <br><br> VS. <br><br> UBER TECHNOLOGIES, INC., RAISER, LLC, DIEGO ARMANDO MORENO, and C.B. <br><br> DEFENDANTS. | § § § § § § § § § § § § § § | CIVIL ACTION NO.  4:25-cv-3353 |

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Come now State Farm Mutual Automobile Insurance Company and State Farm Lloyds (collectively "State Farm" or "Plaintiffs") and file their Complaint for Declaratory Judgment and Other Relief for the Court's consideration and declaration of the parties' rights and obligations under the insurance contracts at issue herein.  In support of their Complaint, Plaintiffs respectfully show the Court as follows:

## PARTIES

1. State Farm Mutual Automobile Insurance Company ("SFMAIC") is incorporated in the State of Illinois with its principal place of business in Bloomington, Illinois.

2. State Farm Lloyds ("State Farm Lloyds") is an insurance company.  It is not incorporated or organized in and does not have its principal place of business in the State of Texas. State Farm Lloyds is a citizen of Illinois.  Its principal place of business is in Illinois.  State Farm Lloyds is a "Lloyds Plan" as that term is defined under Chapter 941 of the Texas Insurance Code. As a Lloyds Plan insurer, State Farm Lloyds has a designated attorney-in-fact as provided under

Texas law, State Farm Lloyds, Inc., a Texas business corporation. State Farm Lloyds consists of an unincorporated association of underwriters who were at the time this action commenced, and still are, citizens of Illinois for diversity purposes.[1]

3. Defendant Diego Armando Moreno ("Moreno") is an individual residing in and whose domicile is Harris County, Texas. Service of process on this defendant may be made by serving him at his residence, 20715 Camphor Tree Drive, Katy, Texas 77449.

4. Defendant C.B. ("C.B.") is an individual residing in Harris County, Texas.[2] Defendant C.B. is the plaintiff in the Underlying Lawsuit, Cause No. 2023-38875; *C.B. v. Uber Technologies, Inc., Raiser, LLC and Diego Armando Moreno*, in the 151st Judicial District Court, Harris County, Texas.[3] C.B. is represented in the Underlying Lawsuit by Brittaney M. Gamboa of the Attorney Brian White & Associates, P.C. law firm. Plaintiffs have requested that Ms. Gamboa agree to accept service on behalf of C.B. If C.B.'s attorney does not agree to accept service on her client's behalf, Plaintiffs will attempt to identify Defendant C.B. through discovery or will seek substitute service as permitted by the Federal Rules of Civil Procedure.

5. Defendant Uber Technologies, Inc. ("Uber") is a Delaware Corporation and has its principal place of business in California. Uber may be served through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

6. Defendant Raiser, LLC ("Raiser") is a Delaware limited liability company with its principal place of business in California. Defendant Raiser may be served with process through its registered agent, CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

---

[1] *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3. F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).
[2] APP 110 ¶ 2.0.
[3] APP 110 – APP 125.

2

**JURISDICTION AND VENUE**

7.     This Complaint is brought pursuant to 28 U.S.C. §§ 2201 – 2202 and Rule 57, Federal Rules of Civil Procedure for the purposes of determining questions of actual controversy between the parties as herein more fully set forth.  The jurisdiction of this Court is based upon the diversity of citizenship under 28 U.S.C. § 1332 that exists between Plaintiffs and Defendants.  The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

8.     Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, because a substantial part of the events giving rise to the claim occurred in this district.  The Underlying Lawsuit at issue is pending in Harris County, Texas. Accordingly, venue in this judicial district and division is proper pursuant to 28 U.S.C. § 1391(b)(2).

**THE POLICIES**

9.     Moreno is the named insured under two separate insurance policies at issue.  The first is a personal car policy issued by SFMAIC with a policy number of 458 9540-C24-53 (the "Personal Car Policy"). A certified copy of the Personal Car Policy is attached hereto.[4]   The Personal Car Policy was effective from March 24, 2022 to September 24, 2022.  The Personal Car Policy provided liability coverage for a 2017 Jeep Grand Cherokee.  The Personal Car Policy bodily injury limits for Liability Coverage are $30,000 each person and $60,000 each accident.

10.     The second policy is a renters policy issued by State Farm Lloyds, Policy No. 83-GM-Q957-2 (the "Renters Policy"). A certified copy of the Renters Policy is attached hereto.[5] The Renters Policy was effective from March 24, 2022 to March 24, 2023.  However, the Renters

---

[4] APP 1 – APP 54.
[5] APP 55 – APP 109.

Policy was cancelled effective July 24, 2022. The Personal Liability Limit under the Renters Policy is $100,000 each occurrence and Medical Payment to Others limit of $1,000 each person.

11. The Policies provide insurance coverage, if at all, only in accordance with the terms, conditions, definitions, limitations, and exclusions contained within and affixed to the Personal Car Policy and Renters Policy. While the Policies are quoted below in relevant part for the Court's convenience, the full language of the Policies, in the Appendix in Support of Complaint for Declaratory Judgment[6], controls and governs in the event of any discrepancy.

## UNDERLYING LAWSUIT

1. On June 23, 2022, C.B. filed Plaintiff's Original Petition with Jury Demand and Request for Disclosure ("Original Petition") in the 151st Judicial District, Harris County, Texas styled *C.B. v. Uber Technologies, Inc., Raiser, LLC and Diego Armando Moreno* (the "Underlying Lawsuit") against Uber, Raiser, and Moreno.[7] C.B.'s Original Petition makes the following allegations. She alleges that she was at a restaurant and bar with friends near downtown Houston.[8] As part of the celebration, alcohol was served, and C.B. had a1ready planned on using a rideshare to safely get home.[9] As the night progressed, one of C.B.'s friends requested an Uber, using the Uber App, to take C.B. home.[10] Moreno, who drove a 2017 White Jeep Grand Cherokee, was assigned as C.B.'s Uber driver.[11]

2. C.B.'s Original Petition further alleges that during her ride home, she dozed off.[12] C.B. alleges that, while she was asleep, Moreno strayed from their route and took her to a private

---

[6] APP 1 – APP 109.
[7] APP 110 – APP 125.
[8] APP 112 ¶5.0.
[9] APP 112 ¶5.0.
[10] APP 112 ¶5.0.
[11] APP 112 ¶5.1.
[12] APP 112 ¶5.1.

4

neighborhood, where Moreno parked his car.[13] C.B. alleges that while his car was parked, Moreno sexually assaulted her while she was in the back of his car.[14] Specifically, C.B. alleges, "Plaintiff awoke to being pulled to the edge of the back seat where Defendant was removing her shorts and began raping her, forcing nonconsensual sex on her in the back seat of his car."[15]

     3.     C.B. further alleges that Moreno sexually assaulted her "while the Uber 'trip' was still in progress, while the Uber App was still running, and while he was still under the direction and control of Uber ."[16]

     4.     C.B. alleges that Moreno was "acting on behalf of, for the benefit of, at the direction of, and within the course and scope of employment with Uber [and Raiser]."[17]

     5.     C.B. alleges the following causes of action in the Underlying Lawsuit against Uber and Raiser: (1) Negligent Hiring, Supervision, Training & Retention; (2) Respondeat Superior Employer-Employee Relationship & Foreseeability / Common Carrier; (3) Assault; (4) False Imprisonment and (5) Gross Negligence.[18]

     6.     C.B. asserts the following causes of action against Moreno: (1) Negligence; (2) Assault; (3) False Imprisonment; and (4) Gross Negligence.[19] C.B. seeks an unspecified amount of damages for past and future physical pain and mental anguish, loss of earnings and earning capacity, reasonable and necessary medical expenses, physical disfigurement and physical impairment and exemplary damages based on gross negligence.[20]

## CROSS-CLAIM OF UBER AND RAISER

---

[13] APP 112 ¶5.1.
[14] APP 112 ¶5.1.
[15] APP 112 ¶5.1.
[16] APP 112 ¶5.2.
[17] APP 112 ¶5.3.
[18] APP 115 ¶7.0 – APP 118 ¶12.7; APP 120 ¶¶17.0 – 17.4.
[19] APP 118 ¶13.0 – APP 120 ¶17.4.
[20] APP 121 ¶¶18.0 – 18.1.

7.     On July 24, 2023, Uber and Raiser filed their Original Answer and Uber and Raiser filed a Cross-Claim against Moreno ("Uber Cross-Claim").[21]  Uber and Raiser allege Moreno entered and executed a Technology Services Agreement ("Agreement") with Raiser which contains specific provisions regarding Moreno's duty to defend and indemnify Raiser and Uber against all liabilities, damages and expenses arising out of claims by a third party relating to Moreno's services through Uber and Raiser or breach of representations or obligations under the Agreement.[22]

8.     Uber and Raiser assert causes of action against Moreno for breach of contract, indemnity and contribution.[23]  Uber and Raiser allege that they estimate the damages in the Underlying Lawsuit filed by C.B. could exceed $1 million.[24]

## ACTUAL CONTROVERSY EXISTS

9.     State Farm Lloyds is defending Moreno in the Lawsuit under the Renters Policy under a complete reservation of rights by letter dated May 30, 2025.  SFMAIC denied coverage for Moreno for the claims asserted against him in the Lawsuit under the Personal Car Policy by letter dated June 23, 2025.

10.    The facts and circumstances set forth above have given rise to a controversy between Plaintiffs and Defendants as to Plaintiffs' rights, duties and responsibilities, if any, under the Personal Car Policy and the Renters Policy (collectively the "Policies").  Specifically, in question is whether there is a duty under the Policies to defend and indemnify Moreno for the acts alleged in the Underlying Lawsuit, and thus, C.B for any judgment entered in the Underlying

---

[21] APP 126 – APP 138.
[22] APP 131 ¶¶7-8.
[23] APP 132 ¶10 – APP 133¶17.
[24] APP 130 – APP 131 ¶5.

Lawsuit, and to defend and indemnify Uber and Raiser under the Policies based on the provisions of the alleged Agreement between Moreno and Raiser.

11.     Based on the allegations in the Underlying Lawsuit, the actual facts and circumstances giving rise to the claims at issue in the Underlying Lawsuit, and the terms, conditions, limitations, definitions, and exclusions set forth in and affixed to the Policies, there exists a bona fide coverage dispute with respect to whether there is insurance coverage available under the Policies for the claims asserted against Moreno, Uber and Raiser in the Underlying Lawsuit, which dispute is ripe and appropriate for determination pursuant to the Federal Declaratory Judgment Act.

12.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Plaintiffs seek the following declarations from the Court. Absent a determination by this Court as requested, SFMAIC and / or State Farm Lloyds may be obligated to defend or indemnify Moreno, Uber or Raiser or to pay C.B for any judgment in the Underlying Lawsuit.

## DECLARATIONS SOUGHT

13.     SFMAIC and State Farm Lloyds seek declarations that there is no duty to defend or indemnify Moreno in the Underlying Lawsuit, to pay C.B. should any judgment in her favor be entered in the Underlying Lawsuit, or defend and indemnify Uber or Raiser because of one or more of the following conditions, exclusions and endorsements in the Personal Car Policy and Renters Policy discussed below.

**A.  Personal Car Policy.**

### Declaration 1

14.     SFMAIC seeks a declaration that there is no duty to defend or indemnify Moreno in the Underlying Lawsuit, to pay C.B. should any judgment in her favor be entered in the

Underlying Lawsuit, or defend or indemnify Uber or Raiser because Moreno is not an "insured" as defined by the Personal Car Policy because the claims asserted in the Underlying Lawsuit do not arise out of the insured's ownership, maintenance or use of his car.

15.     The Personal Car Policy defines "Insured" as the Named Insured for the "ownership, maintenance or use of . . . . your car." Specifically, the Personal Car Policy includes the following Additional Definition under the Liability Coverage:

**LIABILITY COVERAGE**

\*\*\*

**Additional Definition**
***Insured* means:**
1.      *you* and ***resident relatives* for:**
    a.      the ownership, maintenance, or use of:
        (1)     ***your car;***
        (2)     a ***newly acquired car***; or
        (3)     a ***trailer***; and
    b.      the maintenance or use of:
        (1)     a ***non-owned car***; or
        (2)     a ***temporary substitute car;***[25]

16.     The Personal Car Policy includes the following Definitions:

> *You* or *Your* means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a person, then "*you*" or "*your*" includes a spouse.[26]

> *Your Car* means a vehicle shown under "YOUR Car" on the Declarations Page. *Your Car* does not include a vehicle that *you* no longer own or lease.[27]

---

[25] APP 016.
[26] APP 015.
[27] APP 015.

17. Moreno's Jeep Grand Cherokee did not cause C.B.'s alleged injuries but was only the situs of the alleged assault. Therefore, C.B.'s injuries do not involve the ownership, maintenance or use of the car and Moreno is not an "insured" under the Personal Car Policy.

## **Declaration 2**

18. SFMAIC further seeks a declaration that there is no duty to defend or indemnify Moreno in the Underlying Lawsuit, to pay C.B. should any judgment in her favor be entered in the Underlying Lawsuit, or defend and indemnify Uber or Raiser because the Insuring Agreement, within the Personal Car Policy requires the "bodily injury" be caused by an "accident" The Insuring Agreement for Liability Coverage was amended to read as follows:

> **2.    Liability Coverage**
>
> > a. **Insuring Agreement**
> > Item 1. Is changed to read:
> > 1.    *We* will pay:
> > > a.    damages an *insured* becomes legally liable to pay because of:
> > > (1) *bodily injury* to others; and
> > > (2) damage to property, including the loss of use of such property
> > > caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy. . . .[28]

19. The Personal Car Policy includes the following definitions:

***Bodily Injury*** means bodily injury to a ***person*** and sickness, disease, or death that results from it. [29]

***Person*** means a human being.[30]

---

[28] APP 006.
[29] APP 013.
[30] APP 014.

20.     For coverage under the Personal Car Policy to be triggered, there must be "bodily injury" that is "caused by an accident that involves a vehicle for which that insured is provided Liability Coverage by this policy."[31]  While the term "accident" is not defined in the Personal Car Policy, Texas courts have defined the term as a "fortuitous, unexpected, and unintended event". *See Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 8 (Tex. 2007).

21.     C.B. alleges that she was sexually assaulted and raped by Moreno.[32]  C.B. alleges that Moreno assaulted and falsely imprisoned her, both of which are intentional torts.  Although C.B. also alleges a negligence claim against Moreno, merely designating a claim as negligence does not transform the alleged conduct into a covered claim when the origin of the damages is allegedly assault and rape.  Thus, there is no duty to defend or indemnify Moreno in the Underlying Lawsuit, to pay C.B. should any judgment in her favor be entered in the Underlying Lawsuit, or defend and indemnify Uber or Raiser because C.B.'s allegations against Moreno are based solely on intentional conduct, not an "accident."

## Declaration 3

22.     SFMAIC further seeks a declaration that there is no duty to defend or indemnify Moreno in the Underlying Lawsuit, to pay C.B. should any judgment in her favor be entered in the Underlying Lawsuit, or defend and indemnify Uber or Raiser because the Personal Car Policy excludes coverage for bodily injury caused by intentional conduct.  The Intentional Injury Exclusion excludes coverage for bodily injury arising out of intentional conduct.

**Exclusions**

THERE IS NO COVERAGE FOR AN **INSURED:**

---

[31] APP 006.
[32] APP 112, ¶¶5.1 – 5.3.

10

> 1. WHO INTENTIONALLY CAUSES **BODILY INJURY** OR DAMAGE TO PROPERTY; . . . .[33]

23.     "Intentionally," as used in this exclusion, speaks to the resulting damage or injury, not the actions that lead to the injury. *See Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828, 831 (Tex. 2009). Based on C.B.'s allegations in the Underlying Lawsuit, Moreno intended C.B.'s injuries or was substantially certain that they would occur. Thus, the Intentional Injury Exclusion precludes coverage and there is no duty to defend or indemnify Moreno in the Underlying Lawsuit, to pay C.B. should any judgment in her favor be entered in the Underlying Lawsuit, or defend and indemnify Uber or Raiser.

## **Declaration 4**

24.     SFMAIC further seeks a declaration that there is no duty to defend or indemnify Moreno in the Underlying Lawsuit, to pay C.B. should any judgment in her favor be entered in the Underlying Lawsuit, or defend and indemnify Uber or Raiser because the Personal Car Policy excludes coverage for damages arising out of the ownership, maintenance or use of a vehicle during the period of time an insured, while logged on to a transportation network company's digital network as driver, is a driver of that vehicle. The Personal Car Policy also excludes coverage for damages arising out of the ownership, maintenance or use of a vehicle while it is being used to carry persons for a charge. The Rideshare App Exclusion, Exclusion 7.a., and the For Charge Exclusion, Exclusion 7.b., provide:

> **Exclusions**
>
> THERE IS NO COVERAGE FOR AN **INSURED**: . . . .
>
> 7.     FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE:

---

[33] APP 018.

      a.      DURING THE PERIOD OF TIME AN **INSURED**, WHILE LOGGED ON TO A TRANSPORTATION NETWORK COMPANY'S DIGITAL NETWORK AS A DRIVER, IS A DRIVER OF THAT VEHICLE; OR

      b.      WHILE IT IS BEING USED TO CARRY **PERSONS** FOR A CHARGE.  This exclusion (7.b.) does not apply to the use of a ***private passenger care*** on a share-the-expense basis; . . . .[34]

25. In the Underlying Lawsuit, C.B. alleges that she was sexually assaulted while the Uber trip was still in progress and while the Uber App was still running.[35]  C.B. also alleges that Moreno was a driver of a motor vehicle operated for profit to transport her to her destination.[36]  Thus, the Rideshare App Exclusion and the For Charge Exclusion exclude coverage under the Personal Car Policy and there is no duty to defend or indemnify Moreno in the Underlying Lawsuit, to pay C.B. should any judgment in her favor be entered in the Underlying Lawsuit, or defend and indemnify Uber or Raiser.

## Declaration 5

26. SFMAIC further seeks a declaration that the Contractual Liability Exclusion precludes coverage for Raiser and Uber's Cross-Claim.  Specifically, the Contractual Liability Exclusion precludes coverage for liability that the insured assumes in a contract or agreement.  The Contractual Liability Exclusion provides:

      d.      **Exclusions . . . .**

           (2)      Exclusion 12.  Is changed to read:

                THERE IS NO COVERAGE FOR AN **INSURED** FOR LIABILITY ASSUMED UNDER A CONTRACT OR AGREEMENT.  This exclusion does not apply to the extension of coverage provided to a ***temporary vehicle*** under this coverage. [37]

---

[34] APP 018.
[35] APP 112, ¶5.2.
[36] *Id*.
[37] APP 006.

27. In the Cross-Claim in the Underlying Lawsuit, Uber and Raiser seeks defense and indemnity from Moreno pursuant to a Technology Services Agreement with Raiser, and contribution. Thus, the Personal Car Policy's Contractual Liability Exclusion precludes coverage for liability that Moreno assumed under the Technology Services Agreement and there is no duty to defend and indemnify Uber or Raiser.

**B. Renters Policy.**

### Declaration 6

28. State Farm Lloyds seeks a declaration that there is no duty to defend or indemnify Moreno in the Underlying Lawsuit, to pay C.B. should any judgment in her favor be entered in the Underlying Lawsuit, or defend and indemnify Uber or Raiser because C.B. does not allege an "occurrence" as defined by the Renters Policy or an accident because the origin of the claims asserted in the Underlying Lawsuit involve intentional conduct.

29. The Renters Policy provides:

**COVERAGE L – PERSONAL LIABILITY**

If a claim is made or suit is brought against an insured for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence, we** will:

1. Pay up to **our** limit of liability for damages for which the **insured** is legally liable; and

2. Provide a defense at **our** expense by counsel of **our** choice. . . . [38]

**COVERAGE M — MEDICAL PAYMENTS TO OTHERS**

We will pay the necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing **bodily injury**. Medical expenses means reasonable charges for medical, surgical, x-ray, dental,

---

[38] APP 094.

13

ambulance, hospital, professional nursing, prosthetic device and funeral services. This coverage applies only: . . . .

2.   to a person off the **insured location**, if the **bodily injury**. . . .

   b.   is caused by the activities of an **insured**; . . . .[39]

30.  The Renters Policy defines "occurrence" as follows:

15.  "**occurrence**", when used in Section **II** of this policy, means an accident including accidental exposure to conditions, which first results in:

   a.   **bodily injury**; or

   b.   **property damages**;

   during the policy period. All **bodily injury** and **property damage** resulting from one accident, series of related accidents, or from continuous or repeated exposure to the same general conditions is considered to be one **occurrence**.[40]

31.  The origin of C.B.'s alleged claims and damages is sexual assault, rape, and false imprisonment.[41] As discussed above, intentional conduct is not an accident and thus not an "occurrence."

## Declaration 7

32.  State Farm Lloyds further seeks a declaration that there is no duty to defend or indemnify Moreno in the Underlying Lawsuit, to pay C.B. should any judgment in her favor be entered in the Underlying Lawsuit, or defend and indemnify Uber or Raiser because the Expected or Intended Injury Exclusion precludes coverage under Coverage L, Personal Liability, and Coverage M, Medical Payments to Other.

33.  Specifically, the Expected or Intended Injury Exclusion provides:

1.   Coverage L and Coverage M do not apply to:

---

[39] APP 0094 - 095.
[40] APP 078.
[41] *See generally* APP 110-125.

    a.    ***bodily injury*** or ***property damage*** that:

        (1)    was a result of a willful and malicious act or omission of ***insured***;

        (2)    was intended by the ***insured***; or

        (3)    was expected by the **insured**.

However, exclusions a. (2) and a. (3) above do not apply to all ***bodily injury*** or ***property damage*** resulting from the use of reasonable force to protect persons or property.

Exclusion a.(1), a.(2) and a.(3) above apply to all ***bodily injury*** or ***property damage*** even if the: . . . .

        (2)    ***bodily injury*** or ***property damage*** was of a different kind, quality, or degree than was expected or intended;

        (3)    ***insured*** was not charged with or convicted of a criminal act or omission; or . . . .[42]

34. As previously discussed, an intended injury occurs "when damages are the natural and probable consequence of intentional conduct." *See Meridian Oil Prod., Inc. v. Hartford Accident & Indem. Co.*, 27 F.3d 150, 152 (5th Cir. 1994). This exclusion also precludes coverage resulting from willful or malicious acts. C.B. alleges that Moreno forced her to have non-consensual sex and raped her.[43] Thus, the Expected or Intended Injury Exclusion precludes coverage and there is no duty to defend or indemnify Moreno in the Underlying Lawsuit, to pay C.B. should any judgment in her favor be entered in the Underlying Lawsuit, or defend and indemnify Uber or Raiser.

## **Declaration 8**

35. State Farm Lloyds further seeks a declaration that there is no duty to defend or indemnify Moreno in the Underlying Lawsuit, to pay C.B. should any judgment in her favor be

---

[42] APP 096.
[43] APP 112.

entered in the Underlying Lawsuit, or defend and indemnify Uber or Raiser because the Sexual Molestation Exclusion in the Renters Policy precludes coverage for the claims asserted against Moreno in the Underlying Lawsuit. But for Moreno's alleged sexual assault, C.B. would not have brought the Underlying Lawsuit.

    36.    The Sexual Molestation Exclusion within the Renters Policy provides:

    1.    Coverage L and Coverage M do not apply to: . . . .

        n.    ***bodily injury*** or ***property damage*** arising out of any actual, alleged, or threatened:

            (1)    sexual harassment, sexual molestation, or sexual misconduct;

            (2)    physical or mental abuse; . . . .

        by the ***insured.***

        For the purpose of this exclusion, abuse means an act that is committed with the intent to cause harm; [44]

    37.    C.B. alleges Moreno, an insured, sexually assaulted her and raped her forcing nonconsensual sex on her in the back seat of his car causing her severe bodily injury and mental anguish. [45] Such allegations involve forced sexual contact (molestation) and an intent to harm, rape (abuse). But for Moreno's alleged sexual misconduct, C.B. would not have filed the Underlying Lawsuit. Thus, the Sexual Molestation Exclusion within the Renters Policy precludes coverage and there is no duty to defend or indemnify Moreno in the Underlying Lawsuit, to pay C.B. should any judgment in her favor be entered in the Underlying Lawsuit, or defend and indemnify Uber or Raiser.

## Declaration 9

---

[44] APP 098.
[45] APP 112, 121.

38. State Farm Lloyds further seeks a declaration that the Contractual Liability Exclusion in the Renters Policy precludes coverage for Raiser and Uber's Cross-Claim. Specifically, the Contractual Liability Exclusion precludes coverage for liability that the insured assumes in a contract or agreement. The Contractual Liability Exclusion provides:

> 2. Coverage L does not apply to: . . . .
>
>    a. liability: . . . .
>
>       (2) imposed on or assumed by any **insured** through any unwritten or written contract or agreement. This exclusion does not apply to liability for damages that the **insured** would have in the absence of the contract or agreement;[46]

39. In the Cross-Claim in the Underlying Lawsuit, Uber and Raiser seeks defense and indemnity from Moreno pursuant to a Technology Services Agreement with Raiser, and contribution. Thus, the Renters Policy's Contractual Liability Exclusion precludes coverage for liability that Moreno assumed under the Technology Services Agreement and there is no duty to defend and indemnify Uber or Raiser.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for a declaration by the Court that State Farm Mutual Automobile Insurance Company and State Farm Lloyds have no duty under their respective Policies to defend or indemnify Moreno, Uber Technologies, Inc., or Raiser, LLC in the Underlying Lawsuit, or to pay C.B., for any judgment against Diego Armando Moreno, and to declare that the Policies provides no coverage whatsoever for the activities alleged against Diego Armando Moreno. Plaintiffs also request the Court to make any further declarations as may be

---

[46] APP 099.

necessary. Finally, Plaintiffs request the Court to award its taxable court costs and for all further relief to which Plaintiffs may show themselves justly entitled at law or in equity.

Respectfully submitted,

/s/ *Jerrod L. Rinehart*
Jerrod L. Rinehart
State Bar No. 24060494
jrinehart@belaw.com
Elaine S. Morris
State Bar No. 00784901
emorris@belaw.com

BRACKETT & ELLIS, P.C.
100 Main Street
Fort Worth, Texas 76102-3090
(817) 338-1700
(817) 870-2265 fax

**ATTORNEYS FOR PLAINTIFFS, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM LLOYDS**